UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA L. THOMPSON,
        Plaintiff,        Civil Action No.: 13-14296
                                        Honorable Nancy G. Edmunds
v.                                      Magistrate Judge Elizabeth A. Stafford

FEDERAL EXPRESS,

        Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR EXTENSION OF TIME [38]

Plaintiff Patricia Thompson, proceeding *pro se*, brings this action against defendant Federal Express alleging Title VII employment discrimination. 42 U.S.C. § 2000e-5. The deadline for dispositive motions was originally December 29, 2014, but the parties agreed over the telephone to extend the date to January 30, 2014. [28, Pg. ID 112]. On January 21 and 29, 2015, an attorney for Federal Express sent Thompson an email to notify her that he was preparing to file a motion for summary judgment. In compliance with the local rule, he requested Thompson's concurrence with respect to the issues that would be addressed in the motion. [38; Pg ID 477]. Thompson denied concurrence with respect to each issue and, on January 30, 2015, Federal Express filed its motion for summary judgment with a certificate of service stating that it mailed a copy

of the motion to Thompson's address. [32]. Thompson's response was thus due on or before February 23, 2015.

On February 10, 2015, the Court set the matter for hearing, and served Thompson by mail with notice of the same. [34]. When Thompson did not timely file her response, the Court issued an order to show cause, giving Thompson until March 16, 2015 to respond. [35]. Thompson contacted the Court on March 9, 2015, via telephone and stated she had not responded because she had not received a copy of the motion. She was directed to the Clerk's Office. The following day, Thompson filed a response to the show cause order, seeking an extension of time not due to her non-receipt of the motion, but due instead to undisclosed health issues. She did not request a specific time for extension. The Court vacated the Order to Show Cause and gave Thompson an additional week to file her response, until March 20, 2015. [37]. That order stated that no further extensions would be given. *Id.*

On March 17, Thompson again petitioned the Court for an extension, this time for three weeks, alleging she did not receive notice of the motion until March 3, 2015, that she is ill, that she had a house fire and that she needs time to consult with counsel. [38, Pg. ID 476-77]. With reservation, the Court will allow Thompson a one week extension only.

Extensions of time are governed by Federal Rule of Civil Procedure 6(b). When requests for extensions are made within the timeframe for filing, they are evaluated for good cause. Fed. R. Civ. P. 6(b)(1)(A). The Sixth Circuit stated that "good cause" with respect to scheduling order deadline extensions is measured by "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations and internal quotation marks omitted). Other circuits have emphasized the importance of litigation deadlines, inasmuch as delays increase the cost of litigation and result in disrespect for lawyers and the judicial process. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990); *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996). Of further import, "[i]f the Court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless." *Spears*, 74 F.3d at 158 (internal quotation marks omitted).

Here, Thompson's showing of good cause is undermined by the ample notice that she received regarding the motion for summary judgment and by her ever-changing reasons for requesting an extension. Thompson knew that the deadline for dispositive motions was January 30, 2015,

3

Federal Express informed her shortly before the deadline that it intended to file a motion for summary judgment, and she was served with a notice of hearing with respect to the motion. Even if, despite the certificate of service, she was not served a copy of the motion, she had more than sufficient notice to prompt her to request a copy from either the Clerk or opposing counsel.

Additionally, as described above, Thompson's reasons for requesting an extension have been ever evolving, rendering her various explanations suspect. In addition, her request for an extension of time in order to consult an attorney is untimely and without merit. It is untimely because Thompson knew that Federal Express was filing a motion for summary judgment and was advised of the issues that it would address; she should have already consulted an attorney if that is what she intended to do. Further, Thompson filed this case *pro se*, and is responsible for timely meeting her deadlines with or without the assistance of counsel. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

For these reasons, the Court finds that good cause does not exist for the length of extension Thompson seeks. However, the Court will grant Thompson an additional one-week extension to file her brief, **until March 30, 2015** (which includes the one-week extension, plus the three additional

days outlined by Rule 6(d) due to the mailing of this Order, and taking into account that the new deadline falls on a Saturday, pursuant to Rule 6(a)(1)(C)). Therefore, her request **[38]** is **GRANTED IN PART AND DENIED IN PART**. No further extensions of this deadline will be granted and no additional motions for an extension will be entertained by the Court.

**IT IS SO ORDERED.**

Dated: March 18, 2015　　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan　　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2015.

　　　　　　　　　　　　　　　　　　s/Marlena Williams
　　　　　　　　　　　　　　　　　　MARLENA WILLIAMS
　　　　　　　　　　　　　　　　　　Case Manage

5