UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA L. THOMPSON,

    Plaintiff,

v.

FEDERAL EXPRESS,

    Defendant.
                                       /

Case No. 13-14296

Honorable Nancy G. Edmunds

## **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Magistrate Judge's April 22, 2015 Report and Recommendation. Plaintiff Patricia Thompson ("Thompson") alleges that Defendant Federal Express ("FedEx") discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act. 42 U.S.C. § 2000e *et seq.* Thompson further maintains that she was retaliated against and subjected to a hostile work environment. Being fully advised in the premises and having reviewed the record and the pleadings, including Plaintiff's objections, the Court ACCEPTS the Magistrate Judge's Report and Recommendation.

### I. ANALYSIS

Thompson's seven objections to the Report and Recommendation can be divided into three categories based upon the claims pled in the complaint: (1) race discrimination, (2) retaliation, and (3) hostile work environment. As a preliminary matter, however, the Court notes that an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d.

743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981)). Here, the bulk of Thompson's objections are little more than vague challenges to the Magistrate Judge's conclusions. Notwithstanding Thompson's shortcomings in this regard, the Court considers the substance of each objection in turn.

### A.  Racial Discrimination

Thompson's first four objections relate to her racial discrimination claim. To establish a prima facie case of employment discrimination under Title VII using circumstantial evidence, Thompson must show that (1) she is a member of a protected class, (2) she was subject to an adverse employment action, (3) she was qualified for the position at issue, and (4) she was treated differently than similarly situated employees outside her protected class. *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004). If a prima facie case is established, the defendant can rebut the presumption of unlawful discrimination by setting forth a legitimate, non-discriminatory business reason for the challenged employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). Once this is done, the burden shifts back to the plaintiff to show that the articulated reason was a mere pretext for intentional race discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804. (1973).

According to Thompson, FedEx's decision to issue her a third disciplinary citation was a mere pretext for race discrimination. More specifically, Thompson maintains that FedEx "had knowledge that by issuing a disciplinary citation under the circumstances, Plaintiff, the

black employee, would be terminated, and Larson, the white employee, would not face any significant repercussions." (Plf.'s Obj. 2). This contention lacks merit for a number of reasons. First, and most significantly, Thompson does not dispute the facts giving rise to the citation; namely, that she caused a collision with a fellow employee and made threats of physical violence. (Report and Recommendation 3). In other words, there is little doubt that Thompson's behavior violated FedEx's policy prohibiting disorderly conduct. Nor does the fact that this citation triggered FedEx's "three and out" policy change the end result. Indeed, Thompson does not contest the fact that she was excessively tardy--at least 16 times--in violation of FedEx's attendance policy. As such, the Court is left only to conclude that FedEx's decision to terminate Thompson was supported by legitimate business concerns.

Next, Thompson argues that because FedEx did not discipline her each and every time she was tardy, "a reasonable trier of fact could conclude that management at least tacitly approved her conduct . . . ." (Plf.'s Obj. 3). This objection hardly merits discussion. There is no dispute that, on each occasion Thompson was written-up, she was, in fact, in violation of FedEx's attendance policy. The inquiry ends here. Without any evidence that FedEx was using the disciplinary process as a means of advancing some impermissible agenda, there can be no Title VII liability.

Thompson's third and fourth objections are likewise without merit. First, contrary to Thompson's assertion that "it is clear that the harassment was motivated by race[]" (Plf.'s Obj. 3), she has failed to offer any evidence that she was treated differently than similarly situated white employees. In fact, "FedEx identified two other material handlers with similar jobs to Thompson's, each of whom is white and was terminated after receiving three

3

disciplinary letters in twelve months." (Report and Recommendation 8). As *Smith* and its progeny make clear, without some evidence of disparate treatment, a Title VII plaintiff cannot proceed beyond the prima face stage.

Finally, Thompson maintains that the Magistrate Judge by erred by failing to "consider [her] affidavit to be valid evidence because she did not seek leave pursuant to Local Rule 7.1(g) to file it." (Plf.'s Obj. 4). To the extent that Thompson is arguing that the Magistrate Judge did not consider this evidence, the Report specifically notes that "even if Thompson's affidavit were considered, its credibility is unsustainable." (Report and Recommendation 9). The Sixth Circuit has long held that "a party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts h[er] earlier deposition testimony." *Aere, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006) (citations and quotations omitted). The Magistrate Judge specifically considered Thompson's affidavit in conjunction with her prior testimony and arrived at this very conclusion. (*Id.*). For this reason, Thompson's objection has no basis in law or fact.

### B. Retaliation

Thompson's fifth objection merely reiterates an argument the Court has previously considered and rejected, namely: "that there is a genuine issue of material fact as to whether Plaintiff met FedEx's expectations and whether her firing was pretextual and based on race . . . . " (Plf.'s Obj. 4). The Court thus denies this objection for the same reasons set forth above.

Thompson further objects to the Magistrate Judge's conclusion that she failed to establish a prima facie case of retaliation. There is no dispute that the *McDonnell Douglas*

burden-shifting framework--set forth above--applies to claims of retaliation. *See McDaniel v. Transcender, LLC*, 119 Fed.Appx. 774, 779 (6th Cir.2005) (McDonnell Douglas burden-shifting test is applicable to claims of retaliation). Therefore, the Court finds no reason to revisit its conclusion concerning Thompson's failure to establish pretext. As such, even assuming that Thompson was able to carry her initial burden--which appears unlikely for the reasons stated by the Magistrate Judge--her claim fails for the same reasons previously stated.

### C. Hostile Work Environment

In her final objection, Thompson argues that the Magistrate Judge failed to consider "the discovery and record already established" with respect to her hostile work environment claim. (Plf.'s Obj. 6). More specifically, Thompson maintains that her "report regarding Mr. Plank's harassment put Defendant on notice of a potentially hostile work environment and the danger of racially motivated harassment." (Plf.'s Obj. 6). This objection is likewise without merit.

First and foremost, Thompson fails to direct the Court's attention to any "report" or other admissible evidence in the record to substantiate her objection- and, more importantly, the claim that she was subjected to unwelcome racial harassment. In addition, Thompson offers nothing to explain why, in her "interview with management during the investigation, she conspicuously omitted race as an explanation for Plank's alleged harassment. Instead, Thompson stated she did not know why Plank was reporting her; they just did not get along." (Report and Recommendation 13). In fact, as the Magistrate Judge observed, "[Thompson] does not even allege that Plank's alleged harassment was motived

5

by race in her belatedly filed affidavit." (*Id.*). Accordingly, the Court must, and does deny this objection.

## II. CONCLUSION

For the above stated reasons, the Court DENIES Thompson's objections and ACCEPTS AND ADOPTS the Magistrate Judge's April 22, 2015 Report and Recommendation. Defendant FedEx's motion for summary judgment is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  June 25, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 25, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager